UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No.: 2:10-CR-091
)
COSTON MAJETTE III, )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 77], which has been rendered moot by a supplemental motion filed by counsel [doc. 85]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 86], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

I. **Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B).  A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.     Factual Background

By judgment dated May 6, 2011, this court sentenced the defendant to a 100-month term of imprisonment as to Count One (a cocaine base conspiracy).  The defendant's guideline range was 100 to 125 months, based on a total offense level of 27 and a criminal history category of IV.  According to the Bureau of Prisons, the defendant is presently scheduled for release on November 20, 2018.

## III.    Analysis

Applying Amendment 782, the defendant's new guideline range is 84 to 105 months, based on a total offense level of 25 and a criminal history category of IV.  Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors.  Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B).  No such motion was filed as to the present defendant.

defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that a sentence reduction should be granted.

The court particularly notes the defendant's post-sentencing rehabilitative efforts. While in custody, the defendant has earned his GED. He has participated in vocational training including barbering and culinary arts. He has completed the Bureau of Prisons' Non-Residential Drug Treatment Program and is enrolled (or will soon be enrolled) in the Residential Drug Treatment Program. The defendant appears to have spent much of his time in custody doing just what this court asked him to do, and he is to be commended.

**IV. Conclusion**

For the reasons stated herein, the defendant's *pro se* motion for sentence reduction [doc. 77] is **DENIED AS MOOT** and the supplemental motion filed by counsel [doc. 85] is **GRANTED**. His term of imprisonment is reduced to **84 months**.

Except as provided above, all provisions of the judgment dated May 6, 2011, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge